UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-9840-VBF (KK)** | Date: | April 5, 2016 |
|---|---|---|---|
| Title: | ***Steven D. Young v. William Muniz*** | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner(s): | Attorney(s) Present for Respondent(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **Order Staying this Action Pursuant to <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003)**

## I.
## BACKGROUND

On December 22, 2015, Salinas Valley State Prison inmate Steven D. Young ("Petitioner") constructively filed[1] a <u>pro se</u> First Amended Petition ("FAP") for Writ of Habeas Corpus by a Person in State Custody pursuant to Title 28 of the United States Code, section 2254.  <u>See</u> Dkt. 5.  The FAP challenged Petitioner's 2014 conviction in the Los Angeles County Superior Court based on two claims: (1) miscalculation of custody credits ("Claim 1"), which he raised on direct appeal to the California Court of Appeal and the California Supreme Court; and (2) trial counsel rendered constitutionally ineffective assistance of counsel ("Claim 2"), which he admittedly did not present to any state court by direct appeal or otherwise.  <u>See id.</u> at 5-6.[2]

---

[1] Under the "prison mailbox rule," when a <u>pro se</u> prisoner gives prison authorities a document to mail to a court, the court deems the document to be constructively filed on the date it is signed.  <u>See</u> Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted). Here, Petitioner signed the FAP on December 22, 2015, <u>see</u> ECF Docket No. ("Dkt.") 5, FAP, so the Court deems the FAP to have been filed on that date.

[2] The Court refers to the pages of Petitioner's filings as if he consecutively numbered them.

---

**CIVIL MINUTES—GENERAL**

On February 10, 2016, Petitioner constructively filed a Request for Stay.  Dkt. 12, Request for Stay.  Petitioner failed to specify whether he requested a stay and abeyance pursuant to Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005) ("Rhines stay") or Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007) ("Kelly stay").  Id.

On March 8, 2016, the Court denied Petitioner's Request for Stay insofar as it sought a Rhines stay and conditionally granted a Kelly stay.  Dkt. 13, Mar. 8, 2016 Order.  The Court allowed Petitioner to file a Second Amended Petition ("SAP") including only Claim 1 and deleting Claim 2.  On March 17, 2016, Petitioner constructively filed a SAP raising only Claim 1.  Dkt. 14, SAP.

## II.
## DISCUSSION

As set forth in its March 8, 2016 Order, the Court now finds it is appropriate to impose the Kelly stay.  The Court stays and holds in abeyance the fully exhausted SAP (containing only Claim 1), and allows Petitioner the opportunity to exhaust the deleted Claim 2 (ineffective assistance of trial counsel) in state court.

Petitioner is cautioned, however, that while a Kelly stay does not require a showing of good cause, it requires compliance with the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA").  28 U.S.C. § 2244(d)(1).  "A petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely."  King v. Ryan, 564 F.3d 1133, 1140-41 (9th Cir. 2009).  After expiration of the limitation period, "a petitioner may amend a new claim into a pending federal habeas petition . . . only if the new claim shares a 'common core of operative facts' with the claims in the pending petition; a new claim does not 'relate back' . . . simply because it arises from the 'same trial, conviction, or sentence.'"  Id. at 1141 (internal citations omitted).

///
///
///
///
///
///
///
///
///
///
///
///
///

**CIVIL MINUTES—GENERAL**                Initials of Deputy Clerk __

### III.
### ORDER

Accordingly, IT IS ORDERED:

1. A <u>Kelly</u> stay is GRANTED.  This action -- now containing only the exhausted Claim 1 -- is hereby stayed pending exhaustion of Petitioner's state court remedies on other grounds and/or further order of this Court.

2. Beginning July 5, 2016, and every ninety (90) days thereafter, Petitioner shall file a "Status Report" with the Court, addressing the status of Petitioner's exhaustion efforts in state court.  Petitioner must provide the case number of the pending state court proceedings, if available.  Respondent may file a status report within fourteen (14) days following Petitioner's filing, if Respondent wishes to advise the Court of any developments not reported by Petitioner.

3. Within thirty (30) days after any decision by the state court on Petitioner's habeas petition, Petitioner shall advise this Court of the decision.  Further, if Petitioner abandons his efforts to exhaust his state court remedies, he shall immediately advise this Court.

4. Petitioner is cautioned that if he fails to act diligently in seeking to exhaust his state court remedies or fails to act within the time frames discussed above, the Court may vacate the stay and prohibit Petitioner from raising any new claims in this action.

**IT IS SO ORDERED.**